IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DENA HODGES** | * | |
| Plaintiff, | * | |
| v. | * | **Civil Action Number: 1:15-cv-2248-GLR** |
| **MCCABE, WEISBERG & CONWAY, P.C.** | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff Dena Hodges (hereinafter, "Plaintiff") and McCabe, Weisberg & Conway, P.C. (hereinafter, "Defendant") respectfully request that this Honorable Court approve a settlement agreement that they have reached concerning Plaintiff's lawsuit under the Fair Labor Standards Act (hereinafter, "FLSA") 29 U.S.C. § 201, *et seq.* The Parties seek this Court's approval of the agreement because claims under the FLSA, like those released by Plaintiff in the Settlement and General Release Agreement ("Agreement"), may not be waived or released without U.S. Department of Labor or Court approval. *See* 29 U.S.C. § 216 (c); *see also Taylor v. Progress Energy, Inc.*, 415 F. 3d 364, 374 (4th Cir. 2005) vacated on other grounds 493 F. 3d 454 (4th Cir. 2007) ("Again, the Supreme court has consistently held that the rights guaranteed by the FLSA cannot be waived by private agreement between the employer and employee. Claims for FLSA violations can, of course, be settled when the settlement is supervised by the DOL or a court."); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 476 (D.Md.2010). The Parties further aver that:

1. On July 30, 2015, Plaintiff filed her Complaint seeking relief and recovery against Defendant for a purported violation of the overtime requirements of the FLSA. The basis

of the Complaint was that during the relevant employment periods, Plaintiff did not receive overtime ("time-and-a-half") for all hours worked over forty (40) in a workweek. Plaintiff alleged that she was misclassified as exempt from the overtime provisions of the FLSA.

2. Since approximately October 15, 2012 until April of 2014, Plaintiff was employed with Defendant. From approximately October 2012 until November of 2013, Plaintiff was employed as a "team lead" at Defendant's office in Laurel, Maryland. In November of 2013, Plaintiff was transferred to Defendant's Leesburg, Virginia office. Plaintiff's duties were identical, regardless of the office in which her duties were employed.

3. During her employment, Plaintiff received bi-weekly payments of two thousand three hundred and thirty-three dollars and ninety-four cents ($2,333.94), reflecting an annual salary of sixty thousand six hundred and eighty-two dollars and forty-four cents ($60,682.44). Plaintiff's bi-weekly payments were consistent, regardless of the number of hours she worked each week.

4. Defendant asserts that its pay practices were adopted in good faith and Defendant did not and does not believe that they were inconsistent with the FLSA. However, Defendant did not want to incur the cost and personal stress of defending this case.

5. On approximately August 21, 2015, settlement discussions ensued between Counsel for Plaintiff and Defendant (collectively, referred to as "the Parties"). The Parties exchanged correspondence regarding the nature and extent of Plaintiff's claims.

6. Following this, on January 5, 2016, a settlement conference took place before the Honorable Stephanie A. Gallagher, United States Magistrate Judge. Lengthy discussions ensued regarding the position of both Parties in reference to the method for calculating

damages, in addition to the number of overtime hours worked. Based on the nature of the duties performed, it is Plaintiff's position that she was performing non-exempt work and therefore, should have received overtime premiums for all hours worked over forty (40) per week. It is Defendant's position that Plaintiff was paid correctly for all hours worked and was correctly classified as exempt.

7. After lengthy discussions between the Parties and the Honorable Stephanie A. Gallagher, the Parties agreed to settle Plaintiff's claim for nineteen thousand nine hundred dollars ($19,900.00).

8. Of the nineteen thousand nine hundred dollars ($19,900.00), fourteen thousand three hundred and twenty-five dollars ($14,325.00) are the payments to be made to Plaintiff through Defendant's payroll as W-2 wages, which covers alleged unpaid wages. The remaining five thousand five hundred and seventy-five dollars ($5,575.00) was agreed by the Parties to cover Plaintiff's attorneys' fees and costs.

9. Based on the information and documents exchanged between the Parties, in conjunction with Plaintiff's demand, the Parties believe that the offer of settlement is fair, reasonable and provides complete relief to Plaintiff.

10. Complete relief renders a case moot, as recently recognized in *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523 (2013). *See also Simmons v. United Mortgage and Loan Investment, LLC*, 634 F. 3d 754 (4th Cir. 2011).

11. Plaintiff's counsel's billing rates are in accordance with the local rules. As of January 5, 2016, the date of the conference, the total number of hours Plaintiff's counsel had spent preparing the case was approximately 26.93 hours. 16.97 hours are attributable to attorneys [James Lanier $400.00 (rate) x 16.97 (hours)]. The remaining 9.97 hours are

attributable to time spent by Plaintiff's paralegals [Michael Brown, Benjamin Brooks, Nathan Price: $150.00 (rate) x 9.97 (hours)]. As such, with expenses and costs, which totaled four hundred and seventy-five dollars ($475.00), at the time of the conference, total fees were approximately eight thousand two hundred and eighty-five dollars and six cents ($8,285.06). Therefore, the Parties respective attorneys respectively suggest that the Court should approve these fees.

12. The Parties proposed Settlement and General Release Agreement ("Agreement") is attached hereto as <u>Exhibit A</u>.

13. The Fourth Circuit Court of Appeals has followed the guidelines for approval of an FLSA settlement set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982); *see e.g. Lomascolo v. Parsons Brinckerhoff, Inc., et al.,* 2009 WL 3094955, at *8 (E.D. Va. Sept. 18, 2009); *Boone v. City of Suffolk, Va.,* 79 F. Supp. 2d 603, 605 (E.D. Va. 1999).

14. An FLSA claim can be waived or settled in only two instances, *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706 (1945): (i) first, where the Secretary of Labor supervises the payment of back wages, and (ii) second, where the employer and employee(s) present the proposed settlement to the trial court for approval. 29 U.S.C. 216(c); *Lynn's Food Stores,* 679 F.2d at 1354. In this instance, the Parties seek this Court's approval of their Agreement. When reviewing a proposed settlement of an FLSA claim, the Court must "scrutinize the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1353, 1355. Four factors should be examined to determine whether a proposed settlement is fair and reasonable: (i) was the settlement achieved in an adversarial context? (ii) was the

[p]laintiff represented by attorneys who can protect their rights? (iii) does the settlement reflect a reasonable compromise over issues that are actually in dispute? (iv) is the settlement fair? *Id.* at 1354.

15. With regard to these factors, it is significant to note the following: (i) this matter was settled as a result of an adversarial proceeding (this lawsuit) and settlement negotiations which transpired between the Parties directly; (ii) the Parties settled this matter only after many hours of negotiation, information exchange and a review of governing precedent and throughout this litigation, Plaintiff was represented by counsel who adequately protected her rights; (iii) the settlement reflects reasonable compromises regarding bona fide disputes between the Parties regarding the questions of liability and the amount of alleged damages under the FLSA; and (iv) the Parties agree that the settlement is fair, just and adequate to settle Plaintiff's claims.

16. The Court should also take into account the risks inherent in litigation. "The fact that a proposed settlement may only amount to a fraction of the potential recovery does not indicate that the settlement is not fair and reasonable" after taking into account the risks and costs of litigation. *Quintanilla v. A&R Demolition, Inc.*, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008) (quoting *Parker v. Anderson*, 667 F.2d 1204, 1210 n.6 (5th Cir. 1982)) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974)).

17. The endorsement of the settlement by counsel for the parties is a "factor [that] weighs in favor of approval." *Quintanilla*, 2008 WL 9410399 at *5. In reviewing the opinions of counsel, "a court should bear in mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Id.* at *5 (citing *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 461 (W.D.

Tex. 1999)). In this case, Plaintiff's counsel are fully aware of the factual contentions of their client and are in the best position to opine as to whether this settlement produces fair results after consideration of risks.

18. Consistent with the language in the Agreement, Plaintiff represents and agrees that the settlement payments reflect just, adequate and complete compensation for all claims of purported overtime giving rise to the Complaint and reflect compensation for all overtime wages to which Plaintiff is entitled as a result of her former employment with Defendant, such that Plaintiff represents and agrees that she is not entitled to any additional compensation of any sort from Defendant related to the payment practices alleged in the Complaint.

WHEREFORE, for the forgoing reasons, the Parties respectfully request that this honorable Court enter the accompanying Order, thereby approving the terms of the Parties' Agreement, and dismissing this action with prejudice. Counsel for Defendant has authorized Plaintiff's counsel to file this Joint Motion and Proposed Order.


Respectfully Submitted,

/s/ *Michael B. Dubin, Esq.*
Michael B. Dubin, Esq.
Semanoff Ormsby Greenberg & Torchia, LLC
2617 Huntingdon Pike
Huntingdon Valley, Pennsylvania 19006
mdubin@sogtlaw.com

/s/ *Benjamin L. Davis, III, Esq.*
Benjamin L. Davis, III (29774)
bdavis@nicholllaw.com
The Law Offices of Peter T. Nicholl
36 South Charles Street
Baltimore, Maryland 21201
Phone No.: (410) 244-7005

*Attorney for Plaintiff*

/s/ *Bizhan Beiramee, Esq.*
Bizhan Beiramee, Esq.
Beiramee Law Group, P.C.
7508 Wisconsin Avenue, Second Floor

Bethesda, Maryland 20814

*Attorneys for Defendant*